# In the United States Court of Federal Claims

No. 17-673C, No. 17-674C, and No. 17-676C
**CONSOLIDATED**
(Filed: February 21, 2019)

| | |
|---|---|
| CONNECTICUT YANKEE ATOMIC POWER CO., et al., </br></br>　　　　Plaintiffs, </br></br>v. </br></br>THE UNITED STATES, </br></br>　　　　Defendant. | Partial Summary Judgment; Rule 56; Rule 54(b); Partial Judgment |

**ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND ENTRY OF PARTIAL FINAL JUDGMENT**

Pursuant to Rule 56 of the United States Court of Federal Claims ("RCFC"), plaintiffs Connecticut Yankee Atomic Power Company ("Connecticut Yankee"), Maine Yankee Atomic Power Company ("Maine Yankee"), and Yankee Atomic Electric Company ("Yankee Atomic")(collectively, "Yankees" or "Plaintiffs") on July 24, 2018 moved for partial summary judgment seeking judgment for $103,272,459 in undisputed damages the Yankees have incurred as a result of the government's continuing breach of the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract"). (ECF No. 28). The Yankees have also asked this court to enter a partial judgment under Rule 54(b), in the amount of these undisputed damages. The government has stipulated that it owes the Yankees $103,272,459 in damages as a result of its continuing breach of the Standard Contract. However, the government argues

that an entry of partial final judgment under Rule 54(b) is not appropriate because the government contests its liability for approximately $1 million in additional damages on the grounds that these damages were not incurred because of the ongoing breach of contract or if they were incurred because of the ongoing breach those damages should have been mitigated by the plaintiffs. According to the government, because the claim for the disputed damages is not separate from the claim for the stipulated damages, the plaintiffs' motion for partial final judgment under Rule 54(b) should not be granted.

I.  BACKGROUND

This case is now the fourth in what will be likely a series of many more cases over the government's continuing breach of the Standard Contract at the three different sites owned by the Yankees. The government was initially found liable for breach of the Standard Contract by this court in 1998 when it failed to pick up and dispose of the Yankees' spent nuclear fuel ("SNF"). The liability determination was affirmed by the Federal Circuit in 2000. *Yankee Atomic Elec. Co. v. United States*, 42 Fed. Cl. 223 (1998); *Maine Yankee Atomic Power Co. v. United States*, 225 F.3d 1336, 1341-42 (Fed. Cir. 2000). As a consequence of that liability determination and the government's continuing breach, every few years the Yankees have filed a lawsuit focused on the amount of damages the Yankees have incurred in maintaining facilities to store the nuclear waste the government has failed to take and permanently store. This current lawsuit was filed on May 22, 2017. In this action, the Yankees seek damages relating to storing the spent nuclear fuel and for business costs allegedly covered by the court's

2

liability determination for the period between January 1, 2013 through December 31, 2016.

On July 24, 2018 the Yankees moved for partial summary judgment and entry of partial judgment with regard to the $103,272,459 in damages that the government agrees it owes the Yankees for the government's continuing breach of contract. On August 14, 2018, the government filed its response to the Yankees' motion for summary judgment and did not contest that the Yankees incurred the amount claimed. It did, as noted above, contest the Yankees' request for a Rule 54(b) judgment in that amount.

After the completion of the briefing on the plaintiffs' motion for partial summary judgment on August 21, 2018, the court indicated that it would not rule on the Yankees' motion or request for a judgment under Rule 54(b) until the parties submitted their joint stipulations of fact as required by the court's pre-trial schedule. On December 18, 2018, the parties filed their joint stipulations of fact and law (ECF No. 55). In their joint stipulations, the parties agreed that the Yankees incurred $103,272,459 in damages as a result of the government's continuing breach of the Standard Contract. The joint stipulations also revealed that the remaining $1 million in damages still at issue are not factually or legally related to the undisputed amount.

## II.   LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." RCFC 56(a). A genuine dispute is one that could permit a reasonable jury to enter a

verdict in the non-moving party's favor, and a material fact is one that could affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

### B. Entry of Partial Judgment Under Rule 54(b).

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Recognizing that litigation has become increasingly complex, "[i]n the interest of sound judicial administration, Congress enacted Rule 54(b) to 'relax[] the restrictions upon what should be treated as a judicial unit for the purposes of appellate jurisdiction.'" *W.L. Gore & Assocs. Inc. v. Int'l Med. Prosthetics Research Assocs. Inc.* 975 F.2d 858, 861 (Fed. Cir. 1992) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432 (1956)).

In *Curtiss-Wright Corp. v. General Elec.* Co., the Supreme Court explained that there was a two-part test to determine whether partial judgment under Rule 54(b) is warranted. 446 U.S. 1 (1980). First, the court must "determine that it is dealing with a 'final judgment'" *Id.* at 7.  A final judgment contains two components: first "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief," and second "it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the courts of a multiple claim action.'" *Id.*  Second, the court must find that there is no just reason for delay and "take into account the judicial administrative interests as well as the equities involved." *Id.* at 8.

The Federal Circuit has explained that the "separateness of the claims for relief" for the purposes of Rule 54 "is a matter to be taken into account in reviewing the trial court's exercise of discretion in determining that there is no just reason to delay the appeal." *W.L. Gore,* 975 F.2d at 862 (citation omitted).  The Federal Circuit has further explained that "[e]ven for claims that arise out of the same transaction or occurrence, sound case management may warrant entry of partial final judgment." *Intergraph Corp. v. Intel Corp.,* 253 F.3d 695, 699 (Fed. Cir. 2001).  In this connection, the Federal Circuit has also held, however, that where claims are intertwined such that the court could face the same issue twice on appeal, entry of judgment under Rule 54(b) is not proper.  *See Vermont Yankee Nuclear Power Corp. v. United States*, 346 F. App'x 589, 591 (Fed. Cir. 2009) and *Boston Edison Co. v. United States,* 299 F. App'x 956, 958 (Fed. Cir. 2008).

### III.   DISCUSSION

#### A. Summary Judgment is Appropriate For the Undisputed Damages

The Yankees argue that summary judgment is appropriate with respect to their claims for the undisputed portion of damages that resulted for the government breach of the Standard ontract.  As explained above, the government does not contest that the Yankees incurred $103,272,459 in damages as a result of the continuing breach of the Standard Contract.  As there is no genuine material issue of fact in dispute regarding liability or the amount of damages above, the court hereby **GRANTS** the Yankees' motion for partial summary judgment.

#### B. Entry of Partial Judgment under Rule 54(b) is Appropriate for the Undisputed Amount of Damages

### i. The Judgment is "Final"

Regarding the Yankees' request for entry of a final judgment under Rule 54(b) in the amount of $103,272,459, the court finds that where, as here, the uncontested damages and the disputed damages are not factually or legally related and there is no possibility of conflicting determinations regarding the $103,272,459, that amount is "final" for the purposes of Rule 54(b). This case is virtually identical to *Entergy Nuclear Palisades v. United States,* 122 Fed. Cl. 225, 228-29 (2015) where this court held that it was proper to treat "the uncontested portion" of the plaintiff's damages as "resolved" or final for the purposes of Rule 54(b) even though there were remaining categories of damages in dispute.

This situation, is, as the Yankees correctly point out, also directly analogous to the situations presented in *Stockton E. Water Dist. v. United States,* 120 Fed. Cl. 80, 82-83 (2015) and *Bell BCI Corp. v. United States*, 91 Fed. Cl. 664, 666 (2010) where the trial court entered partial final judgment for the portion of the damages in breach of contract cases that the Federal Circuit upheld on a appeal while it continued to litigate the disputed damages following a remand.

The court rejects that government's contention that Rule 54(b) is not appropriate because the Yankees have only "one claim for breach of contract" and thus judgment on the uncontested amount must wait for a ruling on the contested amounts. The government's argument makes little sense here where there will be continuing litigation for years on the same "claim" for a continuing breach of the Standard Contract. The court finds that this case is analogous to the decisions in *Stockton E. Water Dist.* and *Bell BCI*

*Corp.* where the court entered partial final judgments on the damages affirmed by the Federal Circuit while the remaining damage claims were still being litigated.

   **ii. There is No Just Reason For Delay of Entry of Final Judgment for the Uncontested Amounts of Damages.**

  The Yankees argue, and the court agrees, that there is no just reason for delay for entry of a final judgment. Where, as here, the government has stipulated to its liability for a specific dollar amount of damages and prejudgment interest is not available, justice requires that the Yankees receive their payments without delay. *See Sys. Fuels, Inc. v. United States*, 666 F.3d 1306, 1310-11 (Fed. Cir. 2012) (plaintiff cannot collect interest for breach of contract in Spent Nuclear Fuel cases).

  In this regard, the court finds that the government's concern that there is a just reason for delay because of some risk of inconsistent judgments or duplicative issues on appeal is without support. The decisions in *Vermont Yankee Nuclear Power Corp. v. United States*, 346 F. App'x 589, 591 (Fed. Cir. 2009) and *Boston Edison Co. v. United States,* 299 F. App'x 956, 958 (Fed. Cir. 2008), as noted above, do not counsel against entering a Rule 54(b) judgment in this case. In those two SNF cases, the Federal Circuit held that entry of a Rule 54(b) judgment was not appropriate where successor plaintiffs were involved and their interests were intertwined. Here, as discussed above, conflicting contract interpretations or liability for damage categories is not at issue.

  In addition, in *Curtiss-Wright* the Supreme Court held that in balancing the equities it is appropriate to consider the negative effects of requiring plaintiffs to fully litigate the entire case before receiving any payment. *Curtiss-Wright*, 446 U.S. at 11

(noting that absent Rule 54(b) judgment, the plaintiff would not be paid for "many months, if not year: due to the prolonged expected length of litigation). Here the Yankees are owed over $100,000,000. Trial on the remaining damages is not scheduled until June 2019 and thus a decision is many months away. In such circumstance, the lack of prejudgment interest cannot be ignored. This court has recognized that when an award does not accrue pre- or post-judgment interest, "[t]o permit the Plaintiffs to receive its due based upon the final and irreversible portion of the judgment undeniably serves the ends of justice." *Am. Sav. Bank v. United States*, 83 Fed.Cl. 555, 559 (2008). In view of the foregoing, the court finds that justice favors the entry of a final partial judgment.

## CONCLUSION

For the reasons stated above the court now **GRANTS** the Yankees' partial motion for summary judgment with respect to the $103,272,459 in costs the Yankees incurred because of the government's continuing breach of the Standard Contract. Additionally, there being no just reason for delay, the Clerk of the Court shall enter judgment in favor of the plaintiffs in the following sums pursuant to Rule 54(b):

Connecticut Yankee: **$40,740,462**

Maine Yankee: **$34,432,687**

Yankee Atomic: **$28,099,310**

**IT IS SO ORDERED**.

s/Nancy B. Firestone  
NANCY B. FIRESTONE  
Senior Judge